IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAMAR RODGERS, individually, on behalf of all others similarly situated and as class representative, | : : : : | CIVIL ACTION No. 20 Civ. |
| v. | : : | |
| NATION CARE, INC., | : | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Lamar Rodgers, individually, on behalf of all others similarly situated, and as class representative, by his attorneys, Isaacs Bernstein P.C., complains of defendant Nation Care, Inc. ("Nation Care") as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff, a home health aide, complains on behalf of himself and other current and former employees of Defendant who elect to opt into this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), that he is owed back wages from Defendant for overtime work for which he did not receive overtime premium pay pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

2. Mr. Rodgers worked 98 hours or more for Nation Care during most workweeks. At the beginning of Mr. Rodgers's employment, Nation Care paid him at straight-time rates for all hours worked. Later, it reduced his regular rate of pay and began paying him nonconforming overtime premium pay; that is, it paid him overtime premium pay for hours in excess of 80 per workweek, rather than 40 per workweek as the law requires. The net result of this adjustment was a reduction in Mr. Rodgers's pay.

3. Plaintiff also complains on behalf of himself and other current and former employees of Defendant that he is owed overtime premium pay under the Pennsylvania Minimum Wage Act, 42 Pa. C. S. §333.101 ("PMWA").

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and 28 U.S.C. § 1367(a), in that the state and federal claims arise from a common nucleus of operative fact such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

5. The venue of this action is proper because a substantial part of the acts and omissions giving rise to the claims occurred at the business operated by the Defendant, which business is located within the Eastern District of Pennsylvania, and because Plaintiff performed labor and services at the residences of Defendant's clients located in the Eastern District of Pennsylvania.

## PARTIES

6. Plaintiff Lamar Rodgers ("Rodgers") is a natural person who currently resides in the City and County of Philadelphia, Commonwealth of Pennsylvania. Mr.

Rodgers has consented to be a party plaintiff to the FLSA claim in this action pursuant to 29 U.S.C. § 216(b). His consent is attached as Exhibit "A" to this Complaint.

7. At all relevant times, Defendant Nation Care, Inc. was and is in the business of providing home health services in Philadelphia and its suburbs. Upon information and belief, Nation Care is a domestic corporation organized under the laws of the Commonwealth of Pennsylvania. It maintains a principal place of business at 6829 Torresdale Avenue in the City and County of Philadelphia.

## ALLEGATIONS RELATED TO THE COLLECTIVE ACTION

8. Plaintiff incorporates by reference each and every allegation of Paragraphs 1 through 7 of this Complaint as though the same were fully set forth herein.

9. The named plaintiff brings this action on behalf of himself and all others similarly situated, pursuant to 29 U.S.C. § 216(b). Persons similarly situated are those who are and/or were employed by Defendant as home health aides at any time between December 7, 2017 and the present (the "Collective Action Period").

10. The FLSA Collective consists of approximately one hundred (100) similarly situated employees who, during their employment by and work for Defendant fell into the category of non-exempt, non-managerial employees who were employed as

home health aides and did not receive overtime premium pay for hours worked in excess of forty (40) per workweek.

11. Defendant's unlawful conduct has been willful, and has caused significant damage to Plaintiff and the FLSA Collective.

12. The FLSA Collective would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. The members of the FLSA collective are known to Defendant and are readily identifiable and locatable through Defendant's records. These similarly situated employees should be notified of and allowed to opt into this action pursuant to 29 U.S.C. § 216(b).

## ALLEGATIONS RELATED TO THE CLASS ACTION

13. Plaintiff brings the claims in this action under the PMWA on behalf of himself and all other similarly situated individuals who currently work or have worked as home health aides for Defendant at any time from December 2017 to the present.

14. Plaintiff brings the PMWA claims as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a class consisting of:

> All persons who currently work or who have worked as home health aides for Defendant from December 7, 2017 to the present through the entry of judgment in this action (the "Rule 23 Class").

15. The employees in the Class identified above are so numerous that joinder of all members is impracticable.

16. Although the precise number of such employees is unknown, and facts on which the calculation of that number are presently within the sole control of defendant, upon information and belief, there are approximately one hundred (100) members of the Class. There are questions of law and fact common to the Class which predominate over any questions affecting only individual members. The claims of the representative party are typical of the claims of the Class. The representative party will fairly and adequately protect the interests of the Class. Defendant acted and refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Class. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

17. There are questions of law and fact common to this Class which predominate over any questions solely affecting individual members of the Class, including:

      a.      Whether Defendant violated the PMWA and the supporting Pennsylvania Department of Labor & Industry regulations by failing to pay home health aides overtime premium pay;

      b.      Whether Defendant promulgated and implemented an unlawful scheme by creating duplicate payrolls for each home health aide in an attempt to avoid paying overtime premium pay when home health aides worked in excess of forty (40) hours per week;

      c.      Whether Defendant has a good faith basis to contest or dispute the wage claims of the Plaintiff and the Rule 23 class;

      d.      Whether the Defendant failed and/or refused to pay the Plaintiff premium pay for hours worked in excess of forty per workweek within the meaning of the PMWA, and whether that failure and/or refusal was willful;

      e.      Whether the members of the class are entitled to affirmative relief.

18. Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class. Plaintiff has retained counsel competent and experienced in wage and hour litigation. There is no conflict between Plaintiff's interests and those of the Rule 23 Class members.

19. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

20. Defendant operates a home health agency employing registered nurses, licensed practical nurses, geriatric nursing assistants, certified nursing assistants, certified medical aides, companions and sitters in addition to home health aides. Patients and/or the families or other caretakers of patients contract with Nation Care, which provides employees of the kind listed in this Paragraph, to care for patients in their homes in Philadelphia and its suburbs.

21. Defendant was, at all relevant times, and is, in an industry affecting commerce within the meaning of 29 U.S.C. § 203(b).

22. Upon information and belief, Defendant, in combination with persons performing related activities for a common business purpose, is an enterprise whose annual gross volume of sales made or business done is not less than $500,000, exclusive of sales taxes.

23. Nation Care employed Mr. Rodgers from approximately August 2015 until approximately April 2019. Mr. Rodgers's duties and responsibilities included assisting patients with bathing, dressing, personal care, ambulation, light meal preparation, support of nutritional needs, laundry and light housekeeping.

24. Plaintiff and his similarly situated co-workers regularly work and/or worked in excess of forty (40) hours in the workweek. However, Plaintiff and his co-

workers were and/or are not paid overtime premium pay for all work hours in excess of 40 hours in the workweek.

25. Mr. Rodgers worked significantly more than 40 hours per workweek during most or all of the weeks he worked at Nation Care.

26. During the weeks of March 19-25, March 26-April 1, April 9-15, April 16-22, April 23-29, April 30-May 6, May 21-27, May 28-June 3, June 4-10, June 11-17, June 18-24, June 25-July 1 and July 16-22, 2018, Mr. Rodgers's pay records show that he worked 98 hours. Each of those hours was compensated at the "Regular" rate of $13.00 per hour; none of those hours were compensated at overtime premium rates.

27. As of the pay period beginning July 23, 2018, Nation Care lowered Mr. Rodgers's regular rate of pay to $11.00 per hour and began paying overtime premium pay at the prescribed rate for hours in excess of 80 per workweek, rather than for hours in excess of 40 per workweek, as the FLSA and PMWA require.

28. That is, Nation Care issued Mr. Rodgers two paychecks reflecting the work performed in each workweek (save one) beginning July 23, 2018. Each of the two paychecks detailed 40 hours "Regular" work, compensated at the straight-time rate of $11.00 per hour, and an additional amount of "Overtime" work, compensated at $16.50 per hour, *i.e.*, 1.5 times Mr. Rodgers's regular rate of pay. That is, in substantially all workweeks, Mr. Rodgers performed 40 hours overtime work for which he was

compensated at straight-time rates. For example, during each of the weeks of March 18-24 and December 10-16, 2018 and March 11-17, 2019, Mr. Rodgers worked 98 hours. Each week, Defendant issued Mr. Rodgers two paychecks reflecting that work. One paycheck detailed 40 "regular" hours and two "overtime" hours; the other paycheck detailed 40 "regular" hours and 16 "overtime" hours.

29. Nation Care paid Mr. Rodgers $1,274.00 less tax deductions for each of the pay periods described in Paragraph 26 above. That is, it paid Mr. Rodgers $1,274.00 for 98 hours' work during the period it failed wholly to comply with the overtime premium pay requirements of the FLSA and PMWA.

30. Nation Care paid Mr. Rodgers $1,177.00 less tax deductions for each of the pay periods described in Paragraph 28 above. That is, it paid Mr. Rodgers $1,177.00 for 98 hours' work after it adjusted its payroll practices such that it began paying overtime premium pay for hours in excess of 80 per workweek.

31. Otherwise stated, Defendant paid Plaintiff $97 per week less for the same numbers of hours worked during the period it purported to have brought itself into partial compliance with the overtime premium pay requirements of the FLSA and PMWA.

32. Upon information and belief, Defendant maintained time and payroll records showing the hours worked and amounts paid to each home health aide.

9

33. Alternatively, upon information and belief, Defendant failed to make, keep and preserve records as required by 29 U.S.C. § 211(c).

## COUNT I
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

34. Plaintiff incorporates by reference each and every allegation made in paragraphs 1 through 33 of this Complaint.

35. Plaintiff and his similarly situated co-workers frequently worked over forty hours in a workweek.

36. Although Plaintiff and his similarly situated co-workers worked over forty hours in a workweek, they were not paid overtime premium pay for all of the hours worked in excess of forty hours in a workweek.

37. Plaintiff and his similarly situated co-workers are entitled to one and one-half of their regular rates of pay for all hours worked in excess of forty hours in a workweek under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq*.

38. Defendant's actions were willful.

## COUNT II
## VIOLATIONS OF THE PENNSYLVANIA MINIMUM WAGE ACT

39. Plaintiffs incorporates by reference each and every allegation made in paragraphs 1 through 38 of this Complaint.

40. During the course of their employment with Defendants, Plaintiff and the Rule 23 Class Members were Employees within the meaning of the PMWA, 42 Pa. C. S. §333.101

41. Defendant is an employer within the meaning of PMWA.

42. Plaintiff and the Rule 23 Class Members are parties to whom overtime wages are owed.

43. Defendant failed to comply with the maximum hours provisions of the PMWA by failing to pay Plaintiff and the Rule 23 Class Members time and one-half of their regular rate for hours worked in excess of forty (40) hours per week.

44. The PMWA requires an employer to pay employees for all "Hours Worked."

45. Defendant's actions were willful, as they should have known of the PMWA's requirements.

46. Defendant's failures violated the wage and overtime provisions of the PMWA.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

1. Certifying this action as a class action pursuant to Fed. R. Civ. Pro. 23 on behalf of the members of the Class, and appointing Plaintiff and his counsel to represent the Class;

2. Authorizing notice of this action pursuant to 29 U.S.C. § 216(b);

3. Directing Defendant to pay overtime premium pay to Plaintiff, such persons as may opt in to this action and members of the class;

4. Directing Defendant to pay liquidated damages under the FLSA to plaintiff and such persons as may opt into this action;

5. Directing Defendant to pay wages due under the PMWA to Plaintiff and the members of the Rule 23 Class;

6. Directing Defendant to pay pre-judgment interest to Plaintiff, members of the Rule 23 Class and such persons as may opt in to this action;

7. Granting a permanent injunction enjoining Defendant and its owners, officers, management personnel, employees, agents, attorneys, successors and assigns and those acting in concert therewith from any conduct violating the rights of the Plaintiff, members of the class and such persons as may opt into this action as secured by the PMWA;

8. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

9. Granting such other and further relief as this Court deems necessary and proper.

## JURY TRIAL DEMANDED

The Plaintiff requests a jury trial on all questions of fact raised by the Complaint.

Dated: Yardley, Pennsylvania
December 7, 2020

>
> Isaacs Bernstein, P.C.
> Attorneys for Plaintiff
>
> By: /s/ Jonathan A. Bernstein
> Bar ID No. 325422
> 2108 Yardley Road
> Yardley, Pennsylvania 19067
> (917) 693-7245
> jb@lijblaw.com